IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| GCG AUSTIN, LTD., et al., | : |
| Plaintiffs, | : |
| | : Case No. C-3-03-053 |
| vs. | : |
| | : Judge Rice |
| CITY OF SPRINGBORO, OHIO, et al., | : |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR CHANGE OF VENUE**

**I.   INTRODUCTION**

On February 14, 2003, CGC Austin, Ltd., Wooster Associates, and Victory 4 LLC ("Plaintiffs") properly filed this suit against the City of Springboro, Ohio, the Springboro City Council, and the Springboro Planning Commission ("Defendants") before this Court in the Southern District of Ohio, Western Division at Dayton. The action filed by Plaintiffs, involving federal question jurisdiction, arises out of vested property rights in real estate located in Montgomery County just 10 miles from the Federal Courthouse in Dayton. Though this Court is the proper venue for this action and best serves the interests of the parties, witnesses, and public, on March 31, 2003, Defendants nonetheless filed a Motion For Change of Venue, seeking to transfer this suit to the U.S. District Court in Cincinnati. However, for the reasons set forth herein, Defendants' Motion is without merit and should be denied.

**II.   LAW AND ARGUMENT**

A.   Venue In This Court Is Proper Under 28 U.S.C. § 1391(b) and Loc. R. 82.1.

In their Complaint, Plaintiffs alleged that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). See Plaintiffs' Complaint at ¶ 7. This Section provides that a civil action

involving federal question jurisdiction such as that filed by Plaintiffs may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Despite the fact that this Court is the proper venue for this matter under any and all of these provisions, Defendants, through misrepresentations and omissions of fact, seek to convince this Court that this matter is somehow more appropriately heard by the District Court in Cincinnati.

Specifically, Defendants claim that "[e]ach of the named Defendants resides in Springboro, Ohio" and that "Springboro, Ohio is located in Warren County." Defendants' Motion For Change of Venue ("Dfts.' Motion") at 3. Defendants then presumptively conclude that "none of the Defendants in this action reside in any county served by the Western Division at Dayton" and therefore venue is not proper here, citing Local Rule 82.1. Id. Yet, Defendants neglect to inform this Court that Springboro, Ohio is, in fact, located both in Warren and Montgomery Counties, as its borders extend into and include portions of Montgomery County. See Complaint at ¶ 1. Furthermore, Defendants cite to no law whatsoever to claim that a municipality resides or may be found for purposes of venue only where City Hall or some other administrative building is physically located. See generally Dfts.' Motion. Instead, the City of Springboro and its governmental bodies reside and may be found within the borders of that municipality, which lie in part within Montgomery County. Montgomery County is obviously served by this Court. See Loc. R. 82.1. Thus, venue is proper before this Court. See 28 U.S.C. § 1391(b)(1) and (3).

2

As important, this lawsuit relates solely to Defendants' refusal to permit Plaintiffs to construct certain retail establishments on a particular piece of property. See generally Plaintiffs' Complaint. That property, Defendants also neglect to point out to this Court, is located in Montgomery – not Warren – County. Id. at ¶ 1. Thus, venue is also proper before this Court since "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in Montgomery County and served by this Court. 28 U.S.C. § 1391(b)(2). As a result, this Court is the proper venue for this matter under federal law and the rules of this Court.

B. <u>Transfer Is Not Warranted Under 28 U.S.C. § 1404(a).</u>

Since venue is proper before this Court pursuant to 28 U.S.C. § 1391, the Court need not reach nor consider Defendants' request to transfer this matter to the District Court in Cincinnati. Nonetheless, Defendants argument that transfer is somehow warranted "for the convenience of the parties, witnesses, and in the interests of justice pursuant to 28 U.S.C. § 1404(a)", Dfts' Motion at 3, is contradicted by the facts and law applicable to this case. In support of their request, Defendants only make the conclusory and unsupported claim that "Springboro, Ohio is closer in proximity to the Cincinnati division and is therefore more convenient for the witnesses and parties." Id. at 4. This falls woefully short of demonstrating that transfer of this action is somehow appropriate.

As this Court has correctly noted in a prior matter, "[t]he moving party bears the burden of proving that a venue change is appropriate" and that such a motion is properly granted only "when the balance weighs 'strongly in favor of transfer.'" <u>Centerville Alf, Inc. v. Balanced Care Corp.</u>, 197 F. Supp. 3d 1039, 1049 (S.D. Ohio 2002), quoting <u>Nicol v. Koscinski</u>, 188 F. 2d 537 (6th Cir. 1951). "In ruling on a motion to transfer under § 1404(a), a district court should

3

consider the private interests of the parties, including witnesses, as well as other public interest concerns, . . . which come under the rubric of 'interests of justice.'" Centerville Alf, 197 F. Supp. 2d at 1049, quoting Moses v. Business Card Express, Inc., 929 F. 2d 1131, 1137 (6th Cir. 1991).

First, "[u]nder the traditional § 1404 analysis, the Plaintiff's choice of forum should be given substantial weight." Centerville Alf, 197 F. Supp. 2d at 1050. See also West American Insur. Co. v. Potts, No. 89-6091, 1990 WL 104034, at *2 (6th Cir. July 25, 1990) ("Foremost consideration must be given to the plaintiff's choice of forum.") (copy attached hereto as Exhibit A); Mead Data Central, Inc. v. West Publishing Co., 679 F. Supp. 1455, 1465-66 (S.D. Ohio 1987) (addressing "deference with which Plaintiff's choice of forum must be treated" in ruling upon a motion to transfer). Plaintiffs have appropriately chosen to file this action before this Court so that this dispute concerning property located in Montgomery County may be decided through this Court situated in Montgomery County.

Second, the convenience of the parties and witnesses is best served by maintaining this action before this Court. All Plaintiffs reside in Dayton, Ohio. As addressed above, Defendant City of Springboro lies in part within Montgomery County, which is served by this Court, and all Defendants reside in Springboro. Since all of the parties and relevant witnesses will be located in Springboro and Dayton, there is no reason whatsoever in consideration of this factor that the matter should be transferred to Cincinnati.[1]

---

[1] It should be noted that Defendants' claim that "Springboro is closer in proximity to the Cincinnati division", Dfts.' Motion at 4, is patently false. Aside from the very obvious fact that Sprinboro's borders extend into Montgomery County, Springboro, Ohio is, in fact, much closer to the Dayton Division than the Cincinnati Division. Using the precise addresses for Defendants listed on the caption of the Complaint, the Federal Courthouse in Dayton, and the Federal Courthouse in Cincinnati, an internet mapping service clearly indicates that Defendants are only 15.8 miles and approximately 24 minutes away from the Dayton Federal Courthouse. In contrast, Defendants are 38.5 miles and approximately 50 minutes away from the Cincinnati Federal Courthouse. See Exhibits B and C. Thus, Defendants are in fact much closer in proximity to the Dayton Division, notwithstanding their baseless representation to the contrary.

4

Finally, the public interest and interests of justice are most certainly served by this Court situated in Montgomery County and a jury drawn from this area resolving a controversy related to property in Montgomery County, rather than transferring such an action to Cincinnati. As a result, far from sustaining Defendants' heavy burden to demonstrate that transfer from Plaintiffs' chosen forum is warranted, consideration of each factor under Section 1404(a) actually favors that this case remain before the District Court in Dayton. See Mead Data, 679 F. Supp. 1455. See also, e.g., Ashmore v. Northeast Petroleum Division of Cargill, Inc., 925 F. Supp. 36, 38-39 (D. Maine 1996) ("Amorphous allegations of inconvenience . . . are inadequate to satisfy the required clear showing of balancing of conveniences in favor of [Defendant]."); Rutherford v. Goodyear Tire and Rubber Co., 943 F. Supp. 789, 791 (W.D. Ky. 1996) ("As a general rule, unless the balance of convenience is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")

## III. CONCLUSION

For the reasons set forth herein, this matter was properly filed in and is before this Court in the Western Division at Dayton. Defendants' Motion For Change of Venue is therefore without merit and should be denied.

Respectfully submitted,

*Bruce L. Ingram* / per auth. by *Jos. R. Miller*
Bruce L. Ingram, Trial Attorney (0018008)
Richard D. Schuster (0022813)
Joseph R. Miller (0068463)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6480
Facsimile: (614) 464-6350

Attorneys for Plaintiffs GCG Austin, Ltd., Wooster Associates, Victory 4, LLC

Of Counsel:

Thomas P. Whelley, II (0010493)
CHERNESKY, HEYMAN & KRESS, P.L.L.
10 Courthouse Plaza S.W., Suite 1100
Dayton, Ohio 45402
Telephone: (937) 449-2800
Facsimile: (937) 449-2821

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion For Change of Venue has been served via U.S. Mail upon Wilson G. Weisenfelder, Jr. of Rendigs, Fry, Kiely & Dennis, LLP, One West Fourth Street, Suite 900, Cincinnati, Ohio 45202-3699, this 23rd day of April, 2003.

Joseph R. Miller

6